DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JEKTOR AYALA,**
Appellant,

v.

**JARISEL VEGA,**
Appellee.

No. 4D22-1779

[July 12, 2023]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Mariya Weekes, Judge; L.T. Case No. FMCE14-000918.

Susan R. Brown of Susan R. Brown, P.A., Plantation, for appellant.

Meaghan K. Marro of Marro Law, P.A., Plantation, for appellee.

GERBER, J.

The father appeals from the circuit court's final judgment on the father's petition to relocate from Broward County to Palm Coast. The final judgment ratified a magistrate's report which had recommended granting the father's relocation petition, but changing the parties' previously agreed-upon 50/50 timesharing arrangement to the mother having majority timesharing in Broward County.

The father primarily argues the circuit court abused its discretion in modifying the parties' previously agreed-upon 50/50 timesharing, because the mother never filed a pleading seeking modification, and the father did not try the modification issue by consent, thus violating his due process rights. *See Romero v. Brabham*, 300 So. 3d 665, 668 (Fla. 4th DCA 2020) ("Granting unrequested relief absent proper notice is a violation of due process.") (citations omitted); *Bailey v. Bailey*, 227 So. 3d 768, 768 (Fla. 1st DCA 2017) ("[W]e agree with the former wife that the trial court erred in requiring the parties to equally split the responsibility of transportation for timesharing because that issue was not pled or tried by consent.").

We disagree with the father's argument. The record indicates the mother's answer requested that she be given majority timesharing.

Further, during the trial, the mother, like the father, requested majority timesharing. At no point during or after the trial did the father object on the ground that the mother had not filed a pleading requesting that she be given majority timesharing. So even if the mother's answer had not requested that she be given majority timesharing, the father tried that issue by consent.

The father's remaining arguments lack merit and do not require further discussion. Thus, we affirm the circuit court's final judgment. However, our affirmance is without prejudice to the father filing another petition seeking to relocate back to Broward County and resume the parties' previously agreed-upon 50/50 timesharing arrangement, as the father had alternatively suggested during the final hearing. We take no position on the merits of such a petition.

*Affirmed.*

CIKLIN and KUNTZ, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***